Napton, judge,
delivered the opinion of thé court.
The only question in this case is, whether a boat can be sold under an execution issued by á justice of the peace, under the act of March 26, 1845, concerning boats and vessels.
The act of 1845 is a revision of all the previous laws on the subject, and is designated to effect several important changes. One of the principal difficulties which existed under the former laws was the uncertainty of tho titles acquired under execution sales by virtue of the different grades of liens. So far as proceedings in the superior courts are *290 concerned, this last act obviates all difficulties arising from this source, three classes of cases are provided for: first, where a boat is attached and the owner or some person for him gives a bond to satisfy the debt and costs, the vessel is discharged from the lien and the case proceeds solely against the obligors. Second, where a bond is given for the forthcoming of the vessel, at a time and place specified, the boat is discharged, but not the lien, and a special fieri facias is given to attain the objects of the judgment. Third, when neither of these bonds is given within a specified time, the boat is treated as an insolvent individual, and goes into liquidation, an order of sale is procured and provision is made to bring in all the creditors and distribute the proceeds according to the priority of the liens. This latter proceeding avoids all the questions which arose under the former laws, and gives an unquestioned title to the purchaser, whilst it secures the most advantageous sale of the boat.
But the act proceeded to give jurisdiction to justices of the peace, where the amount claimed did not exceed ninety dollars. This provision is copied from the act of 1835. It is declared that in suits of this character, the proceedings shall conform to the law governing justices courts, and as nearly as may be to the provisions of this act, as applying to the circuit courts, but that no justice of the peace shall have power to order the sale of any boat or vessel, as provided for in the eleventh section.
It is further provided that warrants issued by justices shall be returnable forthwith, and that upon the return the justice shall hear and determine the complaint in a summary manner. By recurring to the ninth and tenth sections of this act, it will be seen that the bonds provided for in those sections, were intended to be allowed as well in suits before justices of the peace as in those prosecuted in the superior courts.
The ninth section in speaking of the character of the bond, says it must be approved by the court, or the judge or clerk in vacation, or the justice oj the peace before whom the action map be pending.
The tenth section provides that a bond may be given to the sheriff or other officer having custody of the boat, obviously including constables, as officers empowered by the act to take a forthcoming bond, so that it cannot be inferred from the act, that the proceedings under the 11th section, which is to take place in all cases where no bond is given, as provided for in the ninth and tenth sections is confined to suits in the superior courts. It is true that the justice is expressly prohibited from *291 ordering a sale of the boat under the provisions of this section, and if the judgment of the justice is to be executed by any proceeding under his control it must be by an ordinary execution. But if this be allowed, it is obvious that one of the most important objects of the act is defeated. If, in a case where no bond is given, the justice may not only proceed to hear and determine the case, but issue an execution and have the boat sold, without regard to other judgments, or other liens, all the confusion and uncertainty and useless sacrifice which it was the main purpose of this act of 1845 to prevent, is suffered to remain in the most objectionable form : on the other hand, there are certainly objections to any construction of these sections (22 and 23) which will not allow an execution.
The master or agent of the boat attached is allowed five days to give bond, and yet under the provisions of the act which gives jurisdiction to the justices courts, the proceedings are all concluded the same day. Besides this, it may be thought singular that such a jurisdiction should be given merely for the purpose of liquidating the claim, without allowing the plaintiff to take out his execution. Other difficulties have been suggested, and we are not now called upon to reconcile all those apparent inconsistencies or difficulties of the act. The act may be imperfect in this particular, but we feel authorized to disregard these minor objections to that construction of the law which refuses the execution, in view of the paramount importance of the provisions of the eleventh section.
The order of sale by a superior court, and the distribution of the proceeds in a manner to which there can be no objection, together with the unembarrassed title which this proceeding gives, must be regarded as the primary and leading object of the law. To such an object provisions of minor importance must yield, if they cannot be reconciled with the object. No argument is necessary to show that to permit a constable to sell under an execution, in a case where no bond has been given, would very much impair the efficiency of the general system which the act contemplates. The failure to give security on behalf of the boat, in cases of these small debts within a justice’s jurisdiction, carries a stronger implication of impending insolvency than it would where the suits are for larger sums. In the latter case, the superior courts are not allowed to issue executions, but an order of sale must be procured and the other directions of the eleventh section must be followed. It would be strange if after taking these precautions, the legislature would still permit a justice of the peace to issue an execution in such *292 cases, when, the power is expressly taken from, the circuit cpprt. We do not believe that this was the intention, and in, declaring tba.t the proceedings before justices should conform as nearly as may be to the general scheme of the act,we supposean execution was designed to be prohibited.
The other judges concurring,, the judgment is reversed.