SNEAD, et al., Plaintiffs in Error, v. WEGMAN, Defendant in Error.

1. In an action against a constable for the seizure of goods under an attachment issued by a justice of the peace, the record of the proceedings in the attachment suit is admissible in evidence.
2. Though justices of the peace have a power of sale in attachment cases, they should exercise a sound discretion and not order a sale where the debt is small, and the attached property greatly exceeds in value the debt, and is of such a nature that it must all be sold together. The justice should always be satisfied that it would be for the interest of the debtor to have the property sold.

*Error to St. Louis Circuit Court.*

In December, 1852, two suits were instituted by attachment before John Black, a justice of the peace within and for the township of St. Louis, by one Small against one Snead. The writs of attachment were directed to Peter Wegman, then a constable of said township, who executed them by seizing a certain wood-boat, then lying at the wharf in St. Louis, as the property of said Snead, the same being in his possession and control. Afterwards, the justice ordered the constable to sell the wood-boat, as being property likely to perish, or depreciate in value, or the keeping of which would be attended with much loss or expense, in conformity with the 21st section of article 2d of the attachment act of 1845. Sale was made accordingly and report thereof filed by the constable. Pleas in abatement were put in by Snead; the cases were tried by a jury, who found for the plaintiff, and there was a judgment in his favor for the

amount of the debt. The cases were appealed. Meanwhile this suit was brought by Snead and one Shelton, the administrator of one Cruch, deceased, being an action of trespass for taking and carrying away the wood-boat, against the justice, the constable, the security on the attachment bonds, and the plaintiff in the attachment suit. Dismissals were entered, however, as to all but Peter Wegman, who was the sole defendant in the case on the trial below.

At the trial, plaintiffs introduced testimony tending to prove joint owne ship of Snead and Shelton's decedent, the value of the boat, and the taking by defendant, and closed.

The defendant then commenced his case, which put in issue Shelton's interest or his decedent's interest in the wood-boat, alleging it to have been the sole property of Snead, and justified the taking by reason of the fact that it was done by him as constable, in obedience to process as aforesaid. Defendant offered in evidence a transcript of all the proceedings by and before the justice, as aforesaid, to which plaintiff objected; the court overruled the objection, to which overruling plaintiffs objected and took a *voluntary non-suit*, with leave, &c. After motion to set aside non-suit was made and overruled, plaintiffs brought the case here by writ of error.

*Woods* and *Buckner*, for plaintiffs in error.
*Krum & Harding*, for defendant in error.

Scott, Judge, delivered the opinion of the court.

As this case was a suit against a constable for serving process in an attachment suit, the record of that suit was certainly evidence for him, as it did not appear upon its face to be a nullity, and as no specific objection was made to its introduction. If the plaintiff contemplated assailing the *prima facie* case made by the record for the defendant, the proper time for that would have been after the record was received. The record was evidence for the officer for some purposes, and being so, it was proper to receive it. Had it contained any thing

objectionable, the other party should have moved the court to exclude it from the consideration of the jury. This is the invariable rule in all such cases. As the plaintiff took a nonsuit merely because the record was received in evidence, when there was nothing showing that it was inadmissible, there was no ground for setting it aside.

The case of Markham v. Dozier & Pancost, (12 Mo. 288,) in which it was held, that a boat could not be sold under an execution issued by a justice of the peace, under the act concerning boats and vessels, is not applicable to the case under consideration. That case was under the statute concerning boats and vessels. The sale made here was under the attachment law. Under that law, perishable property attached by process may be sold by an order of a justice of the peace. The property sold in this suit was a wood-boat. Though justices have a power of sale, they should exercise a sound discretion, and not order a sale where the debt is small and the attached property such as it must be all sold together, and greatly exceeds in value the debt. The justice should always be satisfied that it would be for the interest of the debtor to have his property sold, and should not listen to the too often interested suggestions of a constable. We perceive no irregularity in the constable's sale. There was an application for the sale and an order thereon made by the justice, under which the constable proceeded in the conduct of the sale. The judgment is affirmed ; the other judges concurring.